UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GORDON STOCKENAUER, #116242,

        Plaintiff,

v.                                      CASE NO. 2:15-CV-12744
                                          HONORABLE VICTORIA A. ROBERTS

MICHIGAN DEP'T OF CORRECTIONS, et al.,

        Defendants.

_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR WAIVER OF FEES AND COSTS AND DISMISSING HIS PETITION FOR JUDICIAL REVIEW

**I.     Introduction**

Michigan prisoner Gordon L. Stockenauer ("Plaintiff"), confined at the Saginaw Correctional Facility in Freeland, Michigan, filed a pro se "Petition for Judicial Review" and a "Motion for Waiver of Fees and Costs." Plaintiff's pleadings are difficult to follow, but seem to concern prison disciplinary proceedings and alleged retaliatory conduct by prison officials. He appears to name the Michigan Department of Corrections, Hearings Administrator Richard Russell, Officers Grabowski and Klapish, and Nurse Reuther as defendants. He seeks injunctive relief and monetary damages.

The Court denies Plaintiff's "Motion for Waiver of Fees and Costs" and dismisses his "Petition for Judicial Review" pursuant to 28 U.S.C. § 1915(g) without prejudice.

**II.    Discussion**

Under the Prison Litigation Reform Act of 1996 ("PLRA"), a prisoner may be precluded from proceeding without prepayment of the filing fee in a civil action under certain circumstances. The statute provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). *See also Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)").

Court records reveal that Plaintiff has filed at least three civil actions which have been dismissed as frivolous and/or for failure to state a claim upon which relief may be granted. *Stockenauer v. Toll*, No. 2:96-CV-74025 (E.D. Mich. Oct. 30, 1996); *Stockenauer v. Hurrell*, No. 2:94-CV-213 (W.D. Mich. Nov. 15, 1994); *Stockenauer v. Kapture, et al.*, No. 1:92-CV-10372 (E.D. Mich. Jan. 6, 1993). He has also been denied permission to proceed without prepayment of the filing fee due to his three-strike status. *Stockenauer v. Ball*, No. 2:14-CV-13865 (E.D. Mich. Feb. 18, 2015); *Stockenauer v. Holden, et al.,* No. 2:02-CV-71267 (E.D. Mich. July 31, 2002).

As a "three-striker," Plaintiff cannot proceed without prepayment of the filing fee unless he can demonstrate that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To fall under this statutory exception to the three strikes rule, a prisoner must allege that the threat or prison condition is 'real and proximate' and that the danger of serious physical injury exists at the time the complaint is filed. *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011); *Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008) (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (en banc)). An assertion of past danger is insufficient to invoke the exception. *Rittner*, 290 F. App'x at 797-98; *see also Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011). The allegations must also be

sufficiently serious to allow a court to draw a reasonable inference that the danger exists. Conclusory, ridiculous, or clearly baseless assertions are insufficient to invoke the exception. *Taylor v. First Med. Mgt.*, 508 F. App'x 488, 492 (6th Cir. 2012); *Rittner*, 290 F. App'x at 798.

Plaintiff neither alleges nor establishes that he is under imminent danger of serious physical injury. He thus fails to come within the exception to the three strikes rule and will not be allowed to proceed without prepayment of the filing fee for this action.

### III.     Conclusion

The Court **DENIES** Plaintiff's "Motion for Waiver of Fees and Costs" and **DISMISSES** his "Petition for Judicial Review" pursuant to 28 U.S.C. § 1915(g). This dismissal is without prejudice to the filing of a new complaint with payment of the $350.00 filing fee and the $50.00 administrative fee.

Finally, the Court concludes it has properly applied the "three strikes" provision of 28 U.S.C. § 1915(g), and such that an appeal from this order cannot be taken in good faith. 28 U.S.C. § 1915(a)(3).

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  August 17, 2015

---

The undersigned certifies that a copy of this document was served on the attorneys of record and Gordon L. Stockenauer by electronic means or U.S. Mail on August 17, 2015.

s/Linda Vertriest
Deputy Clerk

---